**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RAYMOND SULLIVAN,

            Plaintiff,

v.

HARRAH'S ENTERTAINMENT,
INC., et al.,

            Defendants.

2:09-CV-2254 JCM (RJJ)

**ORDER**

Presently before the court is defendants' John W. Baker, Harrah's Entertainment, Inc., and Gary William Loveman (hereinafter "defendants") motion to dismiss *pro se* plaintiff Raymond Sullivan's complaint under Federal Rules of Civil Procedure 41 for failure to assert a short and plain statement of the claim. (Doc. #13). Plaintiff filed opposition. (Doc. #15). Defendants replied. (Doc. #16).

Plaintiff filed suit against Harrah's Entertainment, Inc. d/b/a Caesar's Palace Hotel and Casino, Gary William Loveman, John W. Baker, Dean Allen, Deborah Gianini, Lisa LeRoux, Todd Owen, Matthew Stober, Jere Stuhlmiller, Brianna Jackson, Keith Devine, Mark Ricciardi, United States Federal Department of Labor, Susan Nern, and Sara Conte. Plaintiff alleges discrimination in violation of the Americans with Disabilities Act, discrimination in violation of the Family Medical Leave Act, fraud on the court, violation of color of law, violation of civil rights, conspiracy to defraud the United States, and conspiracy to threaten and intimidate plaintiff. Throughout his complaint, plaintiff also alleges intentional infliction of severe emotional distress, retaliation, fraud

against plaintiff and the government, and criminal acts by defendants.

**I.     Pleading Standard Under Federal Rule of Civil Procedure 8**

Under Federal Rule of Civil Procedure 8, the plaintiff must submit a "short and plain statement of the claim showing that the pleader is entitled to relief." While excessive length alone is not grounds for dismissal, a complaint violates rule 8 if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dept.*, 537 F.3d 1124, 1127, 1131 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (1969)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (1965)). A complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material. *Id. See also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675 (1981). It is the plaintiff's duty to ensure his complaint is coherent, logical, and well-organized. *Hearns*, 537 F.3d at 1127.

Plaintiff's amended complaint is 52 pages in length and fails to provide a short and plain statement of his claims. Plaintiff does not clearly, cleanly, or concisely tie his legal claims to the facts. Instead, plaintiff relates rumors, describes his personal feelings regarding each event, accuses various persons or groups of criminal activity, describes numerous incidents involving third persons, and opines about defendants' liability for possible future harms. It also appears that plaintiff is attempting to hold defendants liable for acts against the government in addition to acts against the plaintiff. Plaintiff's complaints appear to date back to 1997.

Furthermore, plaintiff's writing is grammatically and semantically substandard. The complaint is replete with run-on sentences, missing or non-existent punctuation and transitions, and incomplete phrases. For example, the second paragraph continues in one sentence for nearly three pages and covers more than ten topics. Consequently, the length, the copious amount of detail, and the confused and obscure style of the complaint combine to make the complaint abstruse at best, and indecipherable at its worst.

. . .

. . .

## II.    Dismissal Under Federal Rule of Civil Procedure 41

Federal Rule of Civil Procedure 41allows a court to dismiss a complaint with prejudice if the complaint fails to comply with other federal rules.  Even so, a court should not dismiss with prejudice under rule 41 before considering less drastic alternatives.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (1996).

Here, defendants request plaintiff's complaint be dismissed with prejudice for failing to comply with rule 8.  However, the Ninth Circuit has made it clear that dismissal with prejudice is inappropriate if there are less drastic options available.

Thus, if the plaintiff chooses to pursue the case, he should revise his complaint to 1) succinctly state the facts and link specific facts to specific defendants and specific legal theories, and, 2) to exclude rumors and other information that is inadmissible at court or otherwise unnecessary to prove plaintiff's case.  Additionally, the complaint should be edited to significantly reduce sentence length, to include punctuation, to complete phrases, and to otherwise be coherent. If plaintiff's amended complaint fails to meet the requirements of rule 8, this court may then consider dismissal with prejudice.  *McHenry*, 84 F.3d at 1130.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that *Sullivan v. Harrah's* be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that all pending motions are hereby vacated.

DATED September 14, 2010.

_____
UNITED STATES DISTRICT JUDGE